# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TROY FAIBVRE, MAYADA HAMODA, on behalf of themselves and others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>KAISER FOUNDATION HOSPITALS, THE PERMANENTE MEDICAL GROUP, INC., and DOES 1-20, inclusive,<br><br>    Defendants. | Case No.: 3:25-cv-00617-BTM-DTF<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS**<br><br>**[ECF NO. 7]** |

    The Defendants have filed a motion to dismiss certain claims asserted in the Plaintiffs' complaint. For the reasons discussed below, the Defendants' motion is **GRANTED IN PART** and **DENIED IN PART**.

## I.    BACKGROUND

    On February 11, 2025, Plaintiffs Troy Faibvre and Mayada Hamoda filed a class action against Defendants Kaiser Foundation Hospitals and the Permanente Medical Group, Inc., and Does 1 through 20, in the Superior Court of California. (ECF No. 1.2, Ex.

A ("Compl."), at 1–2.) The Plaintiffs bring this action on behalf of themselves and the putative class of nonexempt employees that "were hired and assigned by U.S. Nursing Corporation . . . to work at Kaiser facilities" during a labor dispute. (*Id.* ¶ 1.)

The Complaint alleges nine causes of action against the Defendants: (1) failure to pay wages in violation of California Labor Code §§ 200, 223, 226, 500, 1197, and 1198; (2) failure to pay overtime in violation of California Labor Code §§ 200, 226, 500, 510 and 1198; (3) failure to pay minimum wage in violation of California Labor Code §§ 1194, 1194.2, and 1197; (4) failure to authorize or permit meal breaks in violation of California Labor Code §§ 226.7(a) and 512(a); (5) failure to authorize or permit rest breaks in violation of California Labor Code §§ 226.7; (6) breach of contract; (7) failure to furnish accurate wage statements in violation of California Labor Code § 226; (8) waiting time penalties provided by California Labor Code § 203; and (9) unfair business practices proscribed by California's Unfair Competition Law ("UCL"). (Compl. ¶¶ 32–79.)

On March 14, 2025, the Defendants removed the action to federal court pursuant to the Class Action Fairness Act of 2005. *See* 28 U.S.C. §§ 1332(d), 1453, 1711–15. They move to dismiss the sixth, seventh, eighth, and ninth claims.

## II.   LEGAL STANDARDS

The Defendants challenge the seventh and eighth claims on several grounds, including that the Plaintiffs lack standing. (*See* ECF No. 7 ("Defs.' Mot."), at 4–9.) "Standing is a threshold matter central to our subject matter jurisdiction." *Bates v. United Parcel Serv., Inc.*, 511 F.3d 974, 985 (9th Cir. 2007). Therefore, the Defendants move to dismiss these claims for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). When evaluating a Rule 12(b)(1) motion at the pleading stage, the Court defers to the Plaintiffs' factual allegations, presuming that they "embrace those specific facts that are necessary to support the claim." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992) (citation omitted). Nonetheless, a Rule 12(b)(1) motion based on lack of standing will succeed if the plaintiff fails to make "general factual allegations of injury resulting from the defendant's conduct." *Id.*

The Defendants also move to dismiss the sixth claim for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). (*See* Defs.' Mot., 3–4.) When reviewing a motion to dismiss, the Court "take[s] all allegations of material fact as true and construe[s] them in the light most favorable to the nonmoving party." *Steinle v. City & Cnty. of San Francisco*, 919 F.3d 1154, 1160 (9th Cir. 2019) (quoting *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995)). A complaint must plead "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A Rule 12(b)(6) motion may be granted where a complaint fails to plead a "cognizable legal theory" or sufficient facts to support a legal claim. *Godecke v. Kinetic Concepts, Inc.*, 937 F.3d 1201, 1208 (9th Cir. 2019) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)).

Lastly, the Defendants move to dismiss the ninth claim on the ground that the Plaintiffs failed to adequately invoke the Court's equitable jurisdiction. (*See* Defs.' Mot., 10–11.) Equitable jurisdiction is not a matter of subject-matter jurisdiction. *Ruiz v. Bradford Exch., Ltd.*, 153 F.4th 907, 912 (9th Cir. 2025). The Ninth Circuit has instead treated dismissals for lack of equitable jurisdiction, predicated on the existence of an adequate legal remedy, as a failure to state a claim under Rule 12(b)(6). *See Sonner v. Premier Nutrition Corp.*, 49 F.4th 1300, 1304 (9th Cir. 2022). The Court will review the Defendants' challenge to the ninth claim as a Rule 12(b)(6) motion. If the Defendants demonstrate "that equitable jurisdiction is lacking," the Court "must dismiss the case, but without prejudice." *Ruiz*, 153 F.4th at 912.

### III.   DISCUSSION

The Defendants move to dismiss the Plaintiffs' sixth (breach of contract), seventh (failure to furnish wage statements), eighth (waiting time penalties), and ninth (UCL) claims. The Court addresses each claim in turn.

### A. Breach of Contract

The Plaintiffs allege that the Defendants contractually promised them bonuses and incentives but failed to provide them. (Compl. ¶ 63.) The Defendants contend that the Plaintiffs fail to allege that the Defendants "were parties to, or otherwise bound by, the contract that Plaintiffs allege was breached." (Defs.' Mot., 3.)

A breach of contract claim under California law must allege, among other requirements, the existence of the contract. *See Oasis W. Realty, LLC v. Goldman*, 51 Cal. 4th 811, 821 (2011). The existence of a contract requires (1) parties capable of contracting, (2) free and mutual consent communicated between the parties, (3) a lawful object, and (4) sufficient consideration. *See* Cal. Civ. Code §§ 1550, 1565. Mutual consent cannot exist "unless the parties all agree upon the same thing in the same sense." Cal. Civ. Code § 1580. Courts determine whether mutual consent exists by reviewing "objective rather than subjective criteria, the test being what the outward manifestations of consent would lead a reasonable person to believe." *Monster Energy Co. v. Schechter*, 7 Cal. 5th 781, 789 (2019). A court's "primary focus in determining the existence of mutual consent is upon the acts of the parties involved." *Id.*

Here, the Plaintiffs fail to allege facts showing that they and the Defendants mutually consented to a contract. The Complaint states that the Relief Employees "did not receive promised and earned nondiscretionary bonuses" from time to time. It provides examples of contracts, such as a promised "Early Arrival Pay" if the Plaintiffs arrived at their assignments at specified times. (Compl. ¶ 21.) But the Complaint does not allege *who* the Plaintiffs contracted with. *See* Cal Civ. Code § 1558 ("It is essential to the validity of a contract, not only that the parties should exist, but that it should be possible to identify them."). The Complaint goes on to state that "Defendants have . . . contractually promised to provide pay . . . if [Plaintiffs] fulfilled certain terms and conditions." (Compl. ¶ 63.) Although the Complaint later identifies the Defendants, it does not mention how or when the Defendants contracted with the Plaintiffs. *See Donovan v. RRL Corp.*, 26 Cal. 4th 261, 270–71 (2001) ("Mutual assent usually is manifested by an offer communicated to the

offeree and an acceptance communicated to the offeror."). Plaintiffs allege no objective facts or "outward manifestations" that would show that the parties understood themselves to be in a contract.

The Plaintiffs contend that their claim survives because they pleaded the contract "by its legal effect." (ECF No. 9 ("Pls.' Opp'n"), at 4.) Pleading a contract's legal effect, however, is merely another method of pleading its existence. *McKell v. Wash. Mut., Inc.*, 142 Cal. App. 4th 1457, 1489 (2006) ("A cause of action for breach of contract requires *pleading of a contract* . . . . A written contract may *be pleaded either by* its terms . . . or by its legal effect." (emphasis added)); *accord Constr. Protective Servs., Inc. v. TIG Specialty Ins. Co.*, 29 Cal. 4th 189, 199 (2002). A plaintiff must still allege the "substance of [the contract's] relevant terms"—such as the presence of capable parties, mutual consent, a lawful object, and consideration—to bring a successful contract claim. *See* Cal. Civ. Code § 1550.

Because the Complaint does not demonstrate mutual consent between the parties, the Plaintiffs cannot demonstrate the existence of a contract. Thus, they fail to state a breach of contract claim. The Court grants the Defendants' motion to dismiss this claim.

### B.    Wage Statements

The Plaintiffs allege that the Defendants failed to provide them with accurate wage statements as required by California labor law. The Defendants contest that this claim "suffers from several defects." (Defs.' Mot., 1.) They argue first that the claim is untimely. Second, that the Complaint fails to allege that the Defendants controlled the Plaintiffs' wage statements. Third, that the Plaintiffs failed to allege the Defendants knowingly and intentionally violated the statute. Fourth, that the claim does not allege an injury in fact as required for Article III standing. The Court begins with the threshold question of standing. *See Carney v. Adams*, 592 U.S. 53, 58 (2020).

#### i.    Standing

Article III of the United States Constitution "confines the jurisdiction of federal courts" to "Cases" and "Controversies." *Food & Drug Admin. v. All. for Hippocratic Med.*,

602 U.S. 367, 378 (2024).  Federal courts do not offer advisory opinions.  For a plaintiff to obtain a "judicial determination of what the governing law is" from a federal court, she must have a "'personal stake' in the dispute." *Id.* at 379.  This personal stake, also known as standing, must be present even when a federal court adjudicates a state-law claim in diversity jurisdiction.  *See* William Baude et al., *Hart and Wechsler's The Federal Courts and The Federal System* 208 n.16 (8th ed. 2025) ("There is . . . a long-settled . . . assumption that a plaintiff suing in federal court on a state law claim must satisfy federal standing rules.").  A plaintiff alleging a state-law claim viable in state court "may nonetheless be foreclosed from litigating the same cause of action in federal court" if she cannot demonstrate standing.  *Lee v. Am. Nat'l Ins. Co.*, 260 F.3d 997, 1002 (9th Cir. 2001).

To establish standing, a plaintiff must demonstrate "(i) that she has suffered or likely will suffer an injury in fact, (ii) that the injury likely was caused or will be caused by the defendant, and (iii) that the injury likely would be redressed by the requested judicial relief."  *All. for Hippocratic Med.*, 602 U.S. at 380.  The injury-in-fact and causation elements are at issue here.

An injury in fact must be concrete—"not abstract" but "real"—and particularized—not a "generalized grievance" but a "personal and individual" injury.  *See id.* at 381; *Lujan*, 504 U.S. at 560 n.1.  The injury must also be more than a "bare procedural violation." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 341 (2016) ("[N]ot all inaccuracies cause harm or present any material risk of harm. . . . It is difficult to imagine how the dissemination of an incorrect zip code, without more, could work any concrete harm.").  In *Sarmiento v. Sealy, Inc.*, for example, the plaintiffs alleged that their wage statements improperly listed Sealy, Inc., as their employer.  2022 WL 4008004, at *1 (9th Cir. Sept. 2, 2022).  The Ninth Circuit held that the plaintiffs did not identify any harm from the improper listing and so lacked an injury in fact.  Similarly, in *TransUnion LLC v. Ramirez*, the plaintiffs contended that the disclosure mailings they received were not formatted as required by statute.  594 U.S. 413, 440 (2021).  The Supreme Court held that, "without any evidence of harm caused by the format of the mailings," the plaintiffs lacked an injury in fact.

|   |   |
|---|---|
| 1 | Causation is shown if a plaintiff's injury is "fairly traceable to the challenged action |
| 2 | of the defendant." *Dep't of Educ. v. Brown*, 600 U.S. 551, 561 (2023) (quoting *Lujan*, 504 |
| 3 | U.S. at 560) (citation modified).  The injury cannot be the "result of the independent action |
| 4 | of some third party not before the court."  *Bennett v. Spear*, 520 U.S. 154, 167 (1997). |
| 5 | Rather, a plaintiff must establish a "causal connection between the injury and the conduct |
| 6 | complained of," *Brown*, 600 U.S. at 561, that is neither "too speculative [n]or too |
| 7 | attenuated," *All. for Hippocratic Med.*, 602 U.S. at 383.  A court's review of causation "can |
| 8 | be heavily fact-dependent and a 'question of degree.'"  *Id.* at 384.  For instance, in |
| 9 | *O'Handley v. Weber*, the plaintiff argued that the decision by the defendant's office to flag |
| 10 | his Twitter account led to his account's suspension months later.  62 F.4th 1145, 1161 (9th |
| 11 | Cir. 2023).  Although the decision was "several steps removed" from the suspension, the |
| 12 | Ninth Circuit found that a "causal line" could still be drawn between the conduct and the |
| 13 | injury.  In doing so, the Court relied on the plaintiff's allegation that Twitter had not |
| 14 | disciplined him until the defendant's office flagged his account. |
| 15 | Here, the Plaintiffs fail to allege that the inaccurate wage statements constitute an |
| 16 | injury in fact.  The Plaintiffs assert that their wage statements did not, from time to time, |
| 17 | "accurately display[] the information required by Labor Code § 226(a)."  (Compl. ¶ 67.) |
| 18 | That section compels employers to report certain data, ranging from gross wages earned |
| 19 | and hours worked to the "name and address of the legal entity that is the employer."  Cal. |
| 20 | Lab. Code § 226(a)(1)–(2), (8).  If the Plaintiffs alleged a specific violation of Section |
| 21 | 226(a), such as an incorrect account of their wages, they would have demonstrated a |
| 22 | concrete injury.  A wage statement that underreports an employee's pay will harm an |
| 23 | employee's finances in a nonabstract manner.  Yet by alleging a general violation, the |
| 24 | Plaintiffs do not allege enough facts to demonstrate a concrete injury.  The only violation, |
| 25 | for example, may be an incorrect name and address for the employer.  The injury would |
| 26 | then be a mere procedural harm, not a concrete injury that may be addressed by the Court. |
| 27 | Based on the allegations pleaded in the Complaint, the Plaintiffs fail to show they suffered |
| 28 | a concrete injury in fact that warrants standing to bring this claim. |

Even assuming an injury in fact, the Plaintiffs do not demonstrate a causal link between an injury and the Defendants' conduct. The Complaint alleges that the Defendants had "the right to exercise control over Relief Employees' hours and/or working conditions, and engaged, suffered and/or permitted them to work." (Compl. ¶ 10.) But the right to control hours and working conditions is not equivalent to the right to issue wage statements. The Plaintiffs do not allege that the Defendants had that power. The Plaintiffs also do not allege that the Defendants indirectly caused the wage statements to be inaccurate. Nowhere in the Complaint is there an allegation that the Defendants had any control over the Plaintiffs' wage statements. The Plaintiffs cannot connect the allegedly inaccurate wage statements to the Defendants' conduct. Unlike in *Weber*, there are no facts alleged here that can draw a causal line between an injury and conduct. Based on the Complaint, the wage statements could have been issued by an independent third party with no input from the Defendants. Without a causal link, the Plaintiffs have failed to show that an injury would be fairly traceable to the Defendants.

The Plaintiffs lack standing to bring their wage statement claim because they have pleaded neither an injury in fact nor causation. The Defendants' motion to dismiss this claim is granted. The Court need not decide whether the Defendants are statutorily liable as a "client employer" under California Labor Code Section 2810.3 for wage statement violations. Without standing, a federal court's ruling on whether the term "wages" under Section 2810.3 includes penalties would be a classic advisory opinion prohibited by Article III.

  **ii. Other Arguments**

The Defendants further contend that the Plaintiffs' wage statement claim is untimely. Generally, a claim may be dismissed as untimely "only when the running of the statute of limitations is apparent on the face of the complaint." *Holt v. Cnty. of Orange*, 91 F.4th 1013, 1017 (9th Cir. 2024) (citation modified); *see also Doe 1 v. Univ. of San Francisco*, 685 F. Supp. 3d 882, 900 (N.D. Cal. 2023) ("[S]tatute-of-limitations issues that turn on disputes of fact generally are better addressed at summary judgment, not through a motion

to dismiss." (citing *Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1206–07 (9th Cir. 1995))). The Complaint does not state when the Plaintiffs worked their last shift at the Defendants' facilities. (*See* Compl. ¶¶ 17–18, at 6.) The Complaint also does not state when the Plaintiffs received their wage statements. A one-year statute of limitations period applies to Plaintiffs' claims for penalties, but it is unclear when the statute would begin to run. *See* Cal. Civ. Proc. Code § 340(a). The Plaintiffs should incorporate the dates listed in their opposition brief in their amended complaint. (*See* Pls.' Opp'n, 15.) Regardless, the Court denies the Defendants' motion to dismiss because it is not apparent from the face of the complaint whether the wage statement claim is time barred.

The Defendants also move to dismiss for failure to allege that they "knowingly and intentionally" did not provide accurate wage statements. The Plaintiffs allege that they were "not paid for all hours worked, including time spent on modules, onsite induction and orientation," and that their working hours were "not taken into account in determining whether they were entitled to daily and/or weekly overtime." (Compl. ¶¶ 15, 19.) They also allege that the Defendants "knowingly and intentionally" failed to provide wage statements. (Compl. ¶ 67.) Assuming that the Plaintiffs adequately alleged other parts of their claim, they "alleged generally" the state of mind required under Federal Rule of Civil Procedure 9(b). The Court denies the Defendants' motion to dismiss the claim on this ground.

On the other hand, the Plaintiffs failed to allege an injury from receiving inaccurate wage statements under the statute. Section 226(e) states that an employee is injured if (1) the employer fails to provide a wage statement, or (2) "if one of five specific categories is omitted" and "a reasonable person would be unable to readily ascertain the missing information without reference to other documents or information." *Maldonado v. Epsilon Plastics, Inc.*, 22 Cal. App. 5th 1308, 1334 (2018). As discussed above, the Plaintiffs only allege that their wage statements did not "accurately display[] the information required by Labor Code § 226(a)." (Compl. ¶ 67.) They did not allege that the Defendants failed entirely to provide statements or that a specific category was omitted. Thus, the Complaint

fails to allege an injury as defined in either prong of the statute. *See Maldonado*, 22 Cal. App. 5th at 1334 ("[I]naccurate wage statements alone do not justify penalties; the plaintiffs must establish injury flowing from the inaccuracy."). The Court grants the motion to dismiss for failure to state a claim, independent of the dismissal for lack of standing.

### C. Waiting Time Penalties

The Plaintiffs allege that, because the Defendants failed to pay all wages due to employees that quit or were discharged, the Defendants must pay a penalty as required by California labor law. The Defendants respond that the Complaint fails to allege that the Defendants either controlled the Plaintiffs' pay calculations or willfully violated the statute. (Defs.' Mot., 1.) As with the wage statement claim, the Court starts with standing.

#### i. Standing

The Defendants do not contest whether the Plaintiffs suffered an injury in fact. The Plaintiffs allege that they were not paid their wages or the corresponding penalty on time. "For standing purposes, a loss of even a small amount of money is ordinarily an 'injury.'" *Czyzewski v. Jevic Holding Corp.*, 580 U.S. 451, 464 (2017). Instead, the Defendants raise causation by arguing that their control over the Plaintiffs' pay was not alleged.

Similar to the wage statement claim, the Plaintiffs have not alleged a causal link between the Defendants' conduct and their injury in fact. The Plaintiffs allege that the Defendants held "the right to exercise control over Relief Employees' hours and/or working conditions, and engaged, suffered and/or permitted them to work." (Compl. ¶ 10.) But the Complaint does not allege that the Defendants, directly or indirectly, had control over the Plaintiffs' wages. Looking to the allegations in the Complaint, the Plaintiffs' pay could have been controlled by an independent third party, such as U.S. Nursing, with no input from the Defendants. Absent a causal link between the Plaintiffs' loss of wages and the Defendants' conduct, the Plaintiffs cannot show that their injury would be fairly traceable to these Defendants.

The Plaintiffs lack standing to bring their waiting time penalties claim because they

have not demonstrated causation. The Defendants' motion to dismiss this claim is granted. The Court need not decide whether the Defendants are statutorily liable as a "client employer" under California Labor Code Section 2810.3 for waiting time penalties. As stated above, without standing, a federal court's ruling on whether the term "wages" under Section 2810.3 includes penalties would be a classic advisory opinion prohibited by Article III.

### ii. Scienter Argument

The Defendants also move to dismiss for failure to allege that they "willfully" did not pay all wages owed to the Plaintiffs. The Plaintiffs allege that they were "not paid for all hours worked, including time spent on modules, onsite induction and orientation," and that their working hours were "not taken into account in determining whether they were entitled to daily and/or weekly overtime." (Compl. ¶¶ 15, 19.) They also allege that the Defendants "[w]illfully failed" to pay the Plaintiffs' final wages. (Compl. ¶ 2(h).) Assuming that the Plaintiffs adequately alleged other parts of their claim, they "alleged generally" the state of mind required under Federal Rule of Civil Procedure 9(b). The Court denies the Defendants' motion to dismiss the claim on this ground.

### D. Unfair Competition Law

The Defendants argue that the Plaintiffs lack a viable UCL claim because they "fail[] to establish that the Court has proper equitable jurisdiction" to hear the claim. (Defs.' Mot., 10.) UCL claims are "equitable in nature." *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1144 (2003). A plaintiff "must establish that she lacks an adequate remedy at law before securing equitable restitution for past harm under the UCL . . . ." *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 844 (9th Cir. 2020). The Defendants argue that, because the Plaintiffs seek legal relief in the other claims of the Complaint, the Plaintiffs have not demonstrated that they lack an adequate legal remedy. On the contrary, the Defendants contend that the Plaintiffs' UCL claim is "contradicted by the relief sought in the complaint." (Defs.' Mot., 10.) The Court disagrees.

"[A]t the pleading stage, the Plaintiff can plead conflicting theories in the alternative

under Fed. R. Civ. P. 8(a)(3)." *Scheibe v. Perfect Keto Grp. LLC*, 700 F. Supp. 3d 928, 937 (S.D. Cal. 2023) (citing *Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753, 762–63 (9th Cir. 2015)). Under Federal Rule of Civil Procedure 8(d)(3), "[a] party may state as many separate claims or defenses as it has, regardless of consistency." To ultimately prevail on an equitable claim, the Plaintiffs must prove that legal remedies are inadequate. *See Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 381 (1992) ("It is a basic doctrine of equity jurisprudence that courts of equity should not act . . . when the moving party has an adequate remedy at law . . . ." (citation modified)). At this "initial pleading stage," however, they may assert their UCL claim without it being "construed as an admission against another alternative or inconsistent pleading." *Anderson v. Edward D. Jones & Co., L.P.*, 990 F.3d 692, 700–01 (9th Cir. 2021). Accordingly, the Court denies the Defendants' motion to dismiss the UCL claim.

Yet the Plaintiffs have not demonstrated standing for all the remedies pleaded under this claim. The UCL allows injured parties to seek injunctive relief or restitution. *See* Cal. Bus. & Prof. Code § 17203 ("Any person who engages, has engaged, or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction. The court may make such orders or judgments . . . as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition."). The Complaint requests both remedies and a "declaration" that the Defendants' business practices are improper. (Compl. ¶¶ 76, 79.) But an employee lacks standing to request an injunction "against the employment practices of a former employer absent a reasonably certain basis for concluding he or she has some personal need for prospective relief." *See Bayer v. Neiman Marcus Grp., Inc.*, 861 F.3d 853, 865 (9th Cir. 2017). Even a current employee seeking "injunctive relief for an ongoing injury . . . does not necessarily have standing to seek prospective relief such as a declaratory judgment." *Mayfield v. United States*, 599 F.3d 964, 969 (9th Cir. 2010). A plaintiff must "demonstrate standing separately for each form of relief sought." *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 185 (2000).

The Plaintiffs have not done this for the injunctive or declaratory relief they seek. Although the Complaint states that the action is on behalf of "former and current employees" of the Defendants, it does not allege facts that show the Plaintiffs to be current employees. (Compl. ¶ 1.) Neither does the Complaint show that the Plaintiffs need prospective relief. It states that "future violations will require current and future employees to repeatedly and continuously seek legal redress." (Compl. ¶ 79.) But that allegation does not establish that *these* Plaintiffs need prospective relief from future injuries caused by the Defendants. Without showing current employment or a need for prospective relief, the Plaintiffs lack standing to seek UCL remedies for ongoing or future harm in federal court. Thus, the Defendants' motion to dismiss is granted as to injunctive and declaratory relief.

### IV.   CONCLUSION

For the reasons discussed above, the Defendants' motion to dismiss is **GRANTED IN PART** and **DENIED IN PART**. The Court **GRANTS** the Defendants' motion as to the Plaintiffs' sixth (breach of contract), seventh (failure to furnish wage statements), and eighth (waiting time penalties) causes of action. The Court **GRANTS** the Defendant's motion to dismiss the ninth (UCL) cause of action as to injunctive and declaratory relief. The Defendants' motion is otherwise **DENIED**.

The Plaintiffs have leave to file an amended complaint within twenty-one (21) days from the entry of this Order to correct the deficiencies identified above. The Plaintiffs shall comply with Civil Local Rule 15.1 requiring the filing of a redlined version of the amended complaint in addition to the amended complaint. In order to streamline further motions to dismiss, the parties shall proceed as follows. No later than twenty-one (21) days after the filing of the amended complaint, the Defendants may file a motion to dismiss limited to ten (10) pages of argument. The Plaintiffs may file an opposition limited to ten (10) pages of argument no later than twenty-one (21) days after the filing of the motion to dismiss. The Court will then set the motion down for oral argument.

The Court notes that it dismissed claims seven and eight for lack of Article III standing, which is jurisdictional. This is without prejudice to a separate action in state

1  court for the wage statement and waiting time penalties claims relying on statutory standing
2  under California Labor Code Sections 203 and 226. The absence of Article III standing,
3  however, would preclude proceeding on those claims in federal court, including the
4  Defendants removing those claims to federal court. *See Brimer v. Amash Imports, Inc.*,
5  2012 WL 13080724, at *2 (N.D. Cal. Jan. 10, 2012) ("Absent Article III standing, an action
6  could not have been brought in federal court. Thus, if there is no Article III standing,
7  removal is inappropriate." (citing *Lee*, 260 F.3d at 1001–02)).

**IT IS SO ORDERED.**

Dated:  January 5, 2026

*/s/ Barry Ted Moskowitz*
Honorable Barry Ted Moskowitz
United States District Judge