SEYFARTH SHAW LLP
Christian J. Rowley (SBN 187293)
crowley@seyfarth.com
Kerry Friedrichs (SBN 198143)
kfriedrichs@seyfarth.com
Parnian Vafaeenia (SBN 316736)
pvafaeenia@seyfarth.com
Taylor D. Horn (SBN 329435)
thorn@seyfarth.com
560 Mission Street, 31st Floor
San Francisco, California 94105
Telephone: (415) 397-2823
Facsimile: (415) 397-8549

Attorneys for Defendants
KAISER FOUNDATION HOSPITALS and THE
PERMANENTE MEDICAL GROUP, INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TROY FAIBVRE, MAYADA HAMODA, on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>KAISER FOUNDATION HOSPITALS and THE PERMANENTE MEDICAL GROUP, INC., and DOES 1-20, inclusive<br><br>Defendants. | Case No.: 3:25-cv-00617-BTM-DTF<br><br>**DEFENDANTS KAISER FOUNDATION HOSPITALS AND THE PERMANENTE MEDICAL GROUP, INC.'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT**<br><br>Complaint Filed: February 11, 2025<br>FAC Filed: January 26, 2026<br>Trial Date: None Set |

Defendants KAISER FOUNDATION HOSPITALS ("KFH") and THE PERMANENTE MEDICAL GROUP, INC. ("TPMG") (together, "Defendants") hereby answer Plaintiffs' First Amended Complaint ("FAC") (ECF No. 30). The following sections and numbered paragraphs correspond to the sections and numbered paragraphs in the FAC. To the extent the allegations within the FAC are not expressly admitted, they are hereby denied.

1.    Paragraph 1 consists of legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants admit that U.S. Nursing Corporation ("USN") provided temporary employees to work during a three-day labor strike in October 2023. Defendants otherwise deny this paragraph.

2.    Paragraph 2, including its subparts, consists of legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants deny this paragraph.

3.    Paragraph 3 consists of legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants deny this paragraph.

## JURISDICTION AND VENUE

4.    Defendants admit that the Court has personal jurisdiction over Defendants and that the Court has subject matter jurisdiction under the Class Action Fairness Act of 2005 ("CAFA") and 28 U.S.C. sections 1332 and 1453. Defendants otherwise deny this paragraph.

5.    Defendant KFH admits that it maintains certain facilities within the Southern District of California where USN employees were temporarily assigned during the October 2023 labor strike. Defendant TPMG denies that any USN employees were assigned to fill any TPMG positions within the Southern District of California during the October 2023 labor strike. Defendants otherwise deny this paragraph.

## PARTIES

6.    Defendants lack sufficient information to admit or deny this paragraph and on that basis deny it.

7.    Defendants lack sufficient information to admit or deny this paragraph and on that basis deny it.

8.    Defendant KFH admits that it owned and/or operated certain healthcare facilities in California where USN employees were temporarily assigned during the October 2023 labor strike. Defendants admit that they are duly authorized to do business in California. Defendants otherwise deny this paragraph.

9.    Defendants admit that they contracted with USN to provide replacement labor staffing services during the October 2023 labor strike. Defendants otherwise deny this paragraph.

10.    Paragraph 10 consists of legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants deny this paragraph.

11.    Paragraph 11 consists of legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants deny this paragraph.

12.    Paragraph 12 consists of legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants lack sufficient information to admit or deny this paragraph and on that basis deny it.

13.    Paragraph 13 consists of legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants deny this paragraph.

14.    Paragraph 14 consists of legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants deny this paragraph.

## FACTUAL ALLEGATIONS

**I.    Failure to Pay for All Hours Worked, Including Failure to Pay Minimum Wage or Overtime**[1]

---

[1] Defendants' inclusion in this Answer of the headings from the FAC do not constitute an admission of any matter stated in those headings.

ANSWER TO FIRST AMENDED COMPLAINT

15.     Paragraph 15 consists of legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants lack sufficient information to admit or deny this paragraph and on that basis deny it.

16.     Paragraph 16 consists of legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants lack sufficient information to admit or deny this paragraph and on that basis deny it.

17.     Defendants admit that Plaintiff Faibvre was assigned by USN to work at a Kaiser facility in Anaheim, California during the October 2023 labor strike. Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph and on that basis deny them.

18.     Defendants admit that Plaintiff Hamoda was assigned by USN to work temporarily at a Kaiser facility in Modesto, California during the October 2023 labor strike. Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph and on that basis deny them.

## II.    Failure to Take All Hours Worked Into Account for Overtime and Double Time Purposes

19.     Paragraph 19 consists of legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants lack sufficient information to admit or deny this paragraph because they did not control Plaintiffs' or any other USN employee's pay and on that basis deny it.

## III.    Failure to Authorize and/or Permit Lawful Meal or Rest Breaks and Its Failure to Pay Required Premiums for Non-Compliant Breaks

20.     Paragraph 20 consists of legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants deny this paragraph.

## IV.    Failure to Reimburse for Necessary Business-Related Expenditures

21.     Paragraph 21 consists of legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants lack sufficient information to

admit or deny this paragraph because they did not employ Plaintiffs or any other USN employee and did not control their reimbursement requests and on that basis deny it.

## CLASS ALLEGATIONS

22.    Paragraph 22 consists of legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants deny this paragraph.

23.    Paragraph 23 consists of legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants deny this paragraph.

24.    Paragraph 24 consists of legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants deny this paragraph.

25.    Paragraph 25 consists of legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants deny this paragraph.

26.    Paragraph 26 consists of legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants deny this paragraph.

27.    Paragraph 27, including its subparts, consists of legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants deny this paragraph and each of its subparts.

28.    Paragraph 28 consists of legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants deny this paragraph.

29.    Paragraph 29 consists of legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants deny this paragraph.

30.    Paragraph 30 consists of legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants deny this paragraph.

## FIRST CAUSE OF ACTION

### FAILURE TO PAY ALL WAGES OWED

#### (Against All Defendants)

31.    Defendants incorporate by reference their responses to all other allegations contained in the FAC as though fully set forth herein.

32. Paragraph 32 consists of legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants deny this paragraph.

33. Paragraph 33 consists of legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants deny this paragraph.

34. Paragraph 34 consists of legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants deny this paragraph.

35. Paragraph 35 consists of legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants deny this paragraph.

<u>**SECOND CAUSE OF ACTION**</u>

**FAILURE TO PAY OVERTIME**

**(Against All Defendants)**

36. Defendants incorporate by reference their responses to all other allegations contained in the FAC as though fully set forth herein.

37. Paragraph 37 consists of legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants deny this paragraph.

38. Paragraph 38 consists of legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants deny this paragraph.

39. Paragraph 39 consists of legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants deny this paragraph.

40. Paragraph 40 consists of legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants deny this paragraph.

41. Paragraph 41 consists of legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants deny this paragraph.

<u>**THIRD CAUSE OF ACTION**</u>

**FAILURE TO PAY MINIMUM WAGE**

**(Against All Defendants)**

42. Defendants incorporate by reference their responses to all other allegations contained in the FAC as though fully set forth herein.

43.    Paragraph 43 consists of legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants deny this paragraph.

44.    Paragraph 44 consists of legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants deny this paragraph.

45.    Paragraph 45 consists of legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants deny this paragraph.

46.    Paragraph 46 consists of legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants deny this paragraph.

47.    Paragraph 47 consists of legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants deny this paragraph.

## FOURTH CAUSE OF ACTION

### FAILURE TO AUTHORIZE AND/OR PERMIT MEAL BREAKS

### (Against All Defendants)

48.    Defendants incorporate by reference their responses to all other allegations contained in the FAC as though fully set forth herein.

49.    Paragraph 49 consists of legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants deny this paragraph.

50.    Paragraph 50 consists of legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants deny this paragraph.

51.    Paragraph 51 consists of legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants deny this paragraph.

52.    Paragraph 52 consists of legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants deny this paragraph.

53.    Paragraph 53 consists of legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants deny this paragraph.

# FIFTH CAUSE OF ACTION

## FAILURE TO AUTHORIZE AND/OR PERMIT REST BREAKS

### (Against All Defendants)

54.     Defendants incorporate by reference their responses to all other allegations contained in the FAC as though fully set forth herein.

55.     Paragraph 55 consists of legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants deny this paragraph.

56.     Paragraph 56 consists of legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants deny this paragraph.

57.     Paragraph 57 consists of legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants deny this paragraph.

58.     Paragraph 58 consists of legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants deny this paragraph.

59.     Paragraph 59 consists of legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants deny this paragraph.

60.     Paragraph 60 consists of legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants deny this paragraph.

# SIXTH CAUSE OF ACTION

## UNFAIR BUSINESS PRACTICES

### (Against All Defendants)

61.     Defendants incorporate by reference their responses to all other allegations contained in the FAC as though fully set forth herein.

62.     Paragraph 62 consists of legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants deny this paragraph.

63.     Paragraph 63 consists of legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants deny this paragraph.

64.     Paragraph 64 consists of legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants deny this paragraph.

65.     Paragraph 65 consists of legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants deny this paragraph.

## PRAYER FOR RELIEF

The Prayer for Relief, and each subpart, consists of legal conclusions and statements regarding the relief sought by Plaintiffs to which no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations in the Prayer for Relief, including in each subpart.

## DEFENDANTS' ADDITIONAL DEFENSES

## FIRST SEPARATE DEFENSE

### (Misjoinder of Parties/Not the Employer)

1.     Plaintiffs' claims are barred because neither Defendant qualifies as a joint employer of Plaintiffs or any of the individuals they seek to represent and/or because Defendants did not cause the violations alleged in the FAC.

## SECOND SEPARATE DEFENSE

### (Labor Code Section 2810.3 Inapplicable)

2.     Plaintiffs' claims are barred to the extent California Labor Code Section 2810.3 does not apply and/or Plaintiffs failed to satisfy the statutory conditions necessary to recover under that section.

## THIRD SEPARATE DEFENSE

### (Failure to State a Cause of Action—All Causes of Action)

3.     Plaintiffs' Complaint, and each and every purported cause of action alleged therein, fails to state facts sufficient to constitute a cause of action or claim for relief.

## FOURTH SEPARATE DEFENSE

### (Statute of Limitations—All Causes of Action)

4.     Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitation, including, but not limited to, the limitations contained in California Code of Civil Procedure sections 338(a), 340(a), and 343 and California Business & Professions Code section 17208.

## FIFTH SEPARATE DEFENSE

### (Estoppel—All Causes of Action)

5.    Plaintiffs' claims, and the claims of those they seek to represent, are barred, in whole or in part, by the doctrine of estoppel.

## SIXTH SEPARATE DEFENSE

### (Laches—All Causes of Action)

6.    Plaintiffs' claims, and the claims of those they seek to represent, are barred, in whole or in part, by the doctrine of laches.

## SEVENTH SEPARATE DEFENSE

### (Unclean Hands—All Causes of Action)

7.    Plaintiffs' claims, and the claims of those they seek to represent, are barred, in whole or in part, by the doctrine of unclean hands.

## EIGHTH SEPARATE DEFENSE

### (Waiver—All Causes of Action)

8.    Plaintiffs' claims, and the claims of those they seek to represent, are barred, in whole or in part, by the doctrine of waiver.

## NINTH SEPARATE DEFENSE

### (Release—All Causes of Action)

9.    Plaintiffs' claims, and the claims of those they seek to represent, are barred in whole or in part, to the extent that Plaintiffs or any individual they seek to represent entered into a valid release in relation to the subject claims.

## TENTH SEPARATE DEFENSE

### (Offset—All Causes of Action)

10.    To the extent that Plaintiffs or any individual they seek to represent is entitled to damages or penalties, Defendants are entitled to an offset for any payments or overpayments of wages or other remuneration previously provided to Plaintiffs or those individuals.

## ELEVENTH SEPARATE DEFENSE

### (*De Minimis* Doctrine—All Causes of Action)

11.   The FAC seeks damages in connection with alleged unpaid time which, even if in fact worked, was *de minimis* and therefore is not recoverable.

## TWELFTH SEPARATE DEFENSE

### (No Knowledge—All Causes of Action)

12.   Plaintiffs' claims, and the claims of those they seek to represent, are barred to the extent that Defendants do not have actual or constructive knowledge of any purported unpaid wages or of any purported off-the-clock work allegedly performed by Plaintiffs or any person they seek to represent.

## THIRTEENTH SEPARATE DEFENSE

### (Meal and Rest Period Penalties Paid—Fourth Through Sixth Causes of Action)

13.   Plaintiffs' claims, and the claims of those they seek to represent, are barred to the extent that Plaintiffs and/or these individuals were paid a penalty of an additional hour of pay for each day, if any, when not authorized or permitted to take a meal or rest period.

## FOURTEENTH SEPARATE DEFENSE

### (Meal Period Waivers—Fourth Through Sixth Causes of Action)

14.   Plaintiffs' claims, and the claims of those they seek to represent, are barred to the extent that Plaintiffs and/or persons they seek to represent waived their meal periods pursuant to the applicable Wage Order.

## FIFTEENTH SEPARATE DEFENSE

### (Meal Periods Provided And Rest Periods Authorized And Permitted—Fourth Through Sixth Causes of Action)

15.   Plaintiffs' claims, and the claims of the individuals they seek to represent, for failure to provide meal or rest periods are barred to the extent Defendants provided all meal and rest periods to which these individuals were legally entitled.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## SIXTEENTH SEPARATE DEFENSE

### (On-Duty Meal Period Agreements—Third and Fifth Through Eighth Causes of Action)

16.    Plaintiffs' claims, and the claims of those they seek to represent, are barred to the extent that Plaintiffs and/or those persons they seek to represent agreed to take on-duty meal periods.

## SEVENTEENTH SEPARATE DEFENSE

### (Res Judicata, Collateral Estoppel, and Issue Preclusion—All Causes of Action)

17.    Plaintiffs' claims, and the claims of those they seek to represent, are barred to the extent that Plaintiffs or any individual they seek to represent was a claimant or plaintiff or could have been a claimant or plaintiff in any prior litigation or administrative action in which the present claims were or could have been asserted including, but not limited to, any prior class action, collective action, Private Attorney General Act action, claim before the Division of Labor Standards Enforcement, or individual civil case relating to Plaintiffs' employment or the employment of any person they seek to represent.  Plaintiffs' claims are further barred to the extent that the relief they seek in this action, or any claim on an issue relevant to this action, was decided against the Plaintiff, against any individual they seek to represent, or against any individual with similar interest in litigating the matter, in a prior judicial or agency action.

## EIGHTEENTH SEPARATE DEFENSE

### (No Section 17200 Standing—Sixth Cause of Action)

18.    Plaintiffs, and those individuals they seek to represent, lack standing to sue pursuant to California Business & Professions Code section 17200, *et seq.*, because Plaintiffs and/or those they seek to represent have not suffered any injury in fact or lost money or property as a result of any alleged unfair competition by Defendants.

## NINETEENTH SEPARATE DEFENSE

### (No Unlawful, Unfair, or Fraudulent Business Practice—First Cause of Action)

19.    Without admitting the allegations in the Complaint, Plaintiffs' claim pursuant to California Business & Professions Code section 17200, *et seq.* fails because the alleged practices of Defendants are not unfair, unlawful, or fraudulent, and are not likely to deceive the public. In addition, Defendants gained no competitive advantage by such practices, and the benefits of the alleged practices outweigh any harm or other impact they may cause.

## TWENTIETH SEPARATE DEFENSE

### (No Recovery Under UCL—Sixth Cause of Action)

20.    Plaintiffs' claim pursuant to California Business & Professions Code section 17200, *et seq.* fails to the extent that it seeks anything but restitution for alleged violations of the Labor Code that form the basis of the claim under the UCL.

## TWENTY-FIRST SEPARATE DEFENSE

### (Adequate Remedy at Law—Sixth Cause of Action)

21.    Plaintiffs' request for injunctive and/or other equitable relief fails because Plaintiffs, and those persons they seek to represent, have an adequate remedy at law.

## TWENTY-SECOND SEPARATE DEFENSE

### (Lack of Standing—All Causes of Action)

22.    Plaintiffs do not have standing to pursue some or all of the claims they assert in the FAC.

## TWENTY-THIRD SEPARATE DEFENSE

### (No Certifiable Class—All Causes of Action)

23.    Plaintiffs' FAC fails to allege facts sufficient to warrant class certification and/or an award of class damages.

## TWENTY-FOURTH SEPARATE DEFENSE

### (Inadequate Representative—All Causes of Action)

24.    Plaintiffs' claims are not amenable to class treatment because neither Plaintiff is an adequate representative of the class they seek to represent.

## TWENTY-FIFTH SEPARATE DEFENSE

### (Class Conflicts—All Causes of Action)

25.    Plaintiffs' class claims are barred because conflicts of interest between Plaintiffs and the proposed class members render class adjudication of Plaintiffs' claims inappropriate.

## TWENTY-SIXTH SEPARATE DEFENSE

### (No Class Action—All Causes of Action)

26.    Plaintiffs have failed to and cannot satisfy the requirements for the maintenance of a class action, including but not limited to ascertainability, community of interest, commonality, predominance, numerosity, typicality, adequacy, and superiority, and public policy considerations do not favor such a certification.

## TWENTY-SEVENTH SEPARATE DEFENSE

### (Class Action: Due Process—All Causes of Action)

27.    Without admitting the allegations in the FAC, Plaintiffs' action may not be maintained as a class action because a determination of liability and/or damages, if any, to each member of the proposed class may not be determined by a factfinder on a group-wide basis, and therefore allowing this action to proceed as a class action would violate Defendants' rights to due process and trial by jury.

## TWENTY-EIGHTH SEPARATE DEFENSE

### (Incorporation by Reference as to Individual Claims—All Causes of Action)

28.    In the event that a class should be certified in this matter, Defendants incorporate by reference and re-alleges all of its defenses to Plaintiffs' individual claims in response to Plaintiffs' claims on behalf of the class and each person they seek to represent.

## ADDITIONAL DEFENSES

Defendants presently have insufficient knowledge or information upon which to form a belief whether there may be additional, as yet unstated, defenses and reserve the right to assert additional defenses in the event that discovery indicates that such defenses are appropriate.

## PRAYER

WHEREFORE, Defendants pray for judgment as follows:

1. That Plaintiffs take nothing by her Complaint;

2. That the Court enter an order denying any proceeding in any class capacity;

3. That judgment be entered in favor of Defendants and against Plaintiffs on all causes of action;

4. That Defendants be awarded reasonable attorneys' fees according to proof;

5. That Defendants be awarded the costs of suit incurred herein; and

6. That Defendants be awarded such other and further relief as the Court may deem appropriate and proper.

DATED: February 17, 2026                    Respectfully submitted,

SEYFARTH SHAW LLP

By: */s/ Taylor D. Horn*
Christian J. Rowley
Kerry Friedrichs
Parnian Vafaeenia
Taylor D. Horn

Attorneys for Defendants
KAISER FOUNDATION HOSPITALS and THE PERMANENTE MEDICAL GROUP, INC.